# FEDERAL DEFENDER SERVICES
# OF WISCONSIN, INC.

LEGAL COUNSEL

Craig W. Albee, Federal Defender
Krista A. Halla-Valdes, First Assistant

Guy Cardamone, Madison Supervisor
John W. Campion
Alexandra Douglas
Ramuel R. Figueroa
Matthew Giesfeldt
Jonathan Greenberg
Gabriela A. Leija
Julie K. Linnen
Dennise Moreno
Tom Phillip

22 East Mifflin Street
Suite 1000
Madison, Wisconsin 53703

Telephone 608-260-9900
Facsimile 608-260-9901

March 4, 2026

Honorable Anita M. Boor
United States Magistrate Judge
120 North Henry Street
Madison, Wisconsin 53703

> Re:   *United States v. Christian Erazo Valdez*
>        Case No. 25-mj-148-amb

To the Honorable Judge Boor:

The purpose of this letter is to briefly explain the difference between the defense's original motion to dismiss filed yesterday (R. 19), and the corrected motion filed today (R. 20). Counsel for the government inquired about the difference (a reasonable question), and in case the Court has the same query, here is the answer.

The substantive difference between the pleadings appears in the paragraph that begins on the bottom of page 4 into page 5. The original version of the motion stated that "Congress's enactment of § 611 in 1996 was the first time it ever sought to dictate voter qualifications to the States." R. 19 at 5. As I was re-reading the brief today, I realized that statement is not wholly accurate, necessitating correction.

Specifically, in the 1970 Amendments to the Voting Rights Act, Congress set a minimum voting age of 18, in conflict with some states that had set a voting age of 21. This led to the fractured decision in *Oregon v. Mitchell*, 400 U.S. 112 (1970). The subsequent decision in *Inter Tribal Council* breaks down the vote split in *Mitchell*:

Milwaukee · Madison · Green Bay

FEDERAL DEFENDER SERVICES
   OF WISCONSIN, INC.

> In *Mitchell*, the judgment of the Court was that Congress could compel the States to permit 18–year–olds to vote in federal elections. Of the five Justices who concurred in that outcome, only Justice Black was of the view that congressional power to prescribe this age qualification derived from the Elections Clause, 400 U.S., at 119–125, while four Justices relied on the Fourteenth Amendment, *id.*, at 144, (opinion of Douglas, J.), 231 (joint opinion of Brennan, White, and Marshall, JJ.). That result, which lacked a majority rationale, is of minimal precedential value here. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 66 (1996); *Nichols v. United States*, 511 U.S. 738, 746 (1994); H. Black, Handbook on the Law of Judicial Precedents 135–136 (1912). Five Justices took the position that the Elections Clause did not confer upon Congress the power to regulate voter qualifications in federal elections. *Mitchell*, *supra*, at 143 (opinion of Douglas, J.), 210 (opinion of Harlan, J.), 288 (opinion of Stewart, J., joined by Burger, C.J., and Blackmun, J.). (Justices Brennan, White, and Marshall did not address the Elections Clause.) This last view, which commanded a majority in *Mitchell*, underlies our analysis here. *See also U.S. Term Limits*, 514 U.S., at 833. Five Justices also agreed that the Fourteenth Amendment did not empower Congress to impose the 18–year–old–voting mandate. *See Mitchell*, *supra*, at 124–130 (opinion of Black, J.), 155 (opinion of Harlan, J.), 293–294 (opinion of Stewart, J.).

*Arizona v. Inter Tribal Council of Arizona, Inc.*, 570 U.S. 1, 16 n.8 (2013).

As the above shows, Justice Black's Elections Clause rationale did not have five votes and it is not a precedential opinion (one of the reasons why voting age was ultimately settled with a constitutional amendment). Rather, the Supreme Court's contemporary understanding of the Elections Clause lies in *Inter Tribal Council*, which is clear on the point: "Prescribing voting qualifications, therefore, 'forms no part of the power to be conferred upon the national government' by the Elections Clause, which is 'expressly restricted to the regulation of the *times*, the *places*, and the *manner* of elections.'" *Id.* at 17 (quoting The Federalist No. 60, at 371 (A. Hamilton)).

In short, § 611 is apparently the second time Congress has tried to affirmatively set a voter qualification. I did not want to misstate the legal background, hence the need for a corrected brief. As always, I appreciate the Court's time and attention to this matter.

Respectfully,

*/s/ Jonathan Greenberg*
Jonathan Greenberg
Associate Federal Defender