UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

     *Plaintiff*,

     v.                         Case No. 25-mj-148-amb

CHRISTIAN ERAZO VALDEZ,

     *Defendant*.

---

**MOTION TO SUPPLEMENT MOTION TO DISMISS
TO RAISE AN AS-APPLIED CLAIM**

Christian Erazo Valdez, by counsel, moves to supplement his motion to dismiss (challenging Congress's authority to enact 18 U.S.C. § 611)[1] to include an as-applied challenge to the statute.[2] This motion explains both the good cause for this supplement and the substance of the supplemental claim if the Court grants the request: In addition to the facial challenge raised in his initial motion, Mr. Valdez also makes an alternative as-applied challenge based on the uncontested fact that Mr. Valdez is alleged to have voted in the State of Wisconsin (rather than in the District of Columbia).

As background, the defense has moved to dismiss the information on the grounds that § 611 is unconstitutional because only the States can set voter qualifications.[3] A substantially identical motion in *Tejeda Murillo* is set for argument in August. Due to a

---

[1] R.20.

[2] A similar motion was previously filed and granted by this Court in *United States v. Tejeda Murillo*, R.28, 26-mj-4-amb (W.D Wis).

[3] *See* R.20.

1

rise in previously-rare prosecutions under § 611, this issue has begun appearing elsewhere in the country, including in *United States v. Cox*, 25-cr-60249-DSL (S.D. Fla.). In *Cox*, the district court appointed Attorney Paul Clement as *amicus curiae*, and he filed his brief on July 23, which concluded that § 611 is indeed a voter qualification and is "likely unconstitutional."[4]

Although Attorney Clement's brief is overwhelmingly helpful for the defense here, he does raise one point that requires amending Mr. Valdez's motion. The defendant in this case and in *Cox* have raised facial challenges to § 611.[5] Such a challenge requires the movant to "establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). But, as Attorney Clement notes, there is perhaps one conceivable scenario where § 611 is constitutional, even under the logic articulated in the motion to dismiss: "federal elections in the District of Columbia where there is no applicable state law setting voter qualifications."[6] As Attorney Clement observes, "[t]here is no apparent reason that Congress' plenary authority over the District would not allow Congress to prohibit alien voting, *see* U.S. Const. art. I, §8, cl. 17, and nothing in the constitutional provisions authorizing states to set voter qualifications would apply to the District."[7] Thus, Attorney Clement's ultimate conclusion was that § 611 is unconstitutional as applied "to noncitizens in the States."[8]

---

[4] *See Tejeda Murillo,* R.27-1.
[5] *See* R.20 at 1 (arguing that "§ 611 is facially unconstitutional").
[6] *Tejeda Murillo,* R.27-1 at 38.
[7] *Id.*
[8] *Id.* at 43.

Given Attorney Clement's astute identification of *one* scenario where § 611 may be valid, the defense requests that the Court consider this supplement to its motion to dismiss, adding an as-applied challenge. Mr. Valdez is alleged to have voted in Wisconsin, not in Washington, D.C., and so the narrow exception identified by Attorney Clement doesn't apply here.[9] For the reasons laid out in the defense's underlying briefing and in Attorney Clement's brief, § 611 is unconstitutional as applied to him, because the federal government cannot dictate a voter qualification to the State of Wisconsin.

Notably, pursuant to Rule 12(c)(3), the Court can entertain an out-of-time pretrial claim upon a showing of good cause. Given the novelty and complexity of the issue—the Court has acknowledged this is a very important issue of first impression[10]—the defense submits that addressing the nuanced wrinkle identified by Attorney Clement provides the good cause to warrant supplementing the motion to raise an as-applied claim.

The government will not be prejudiced by this amendment. Although briefing has concluded, it is difficult to see the additional arguments the government would need to bring to bear on this point; indeed, its response brief has already made arguments about the fact that Wisconsin law bans noncitizen voting.[11] And if there are any additional arguments the government would like to make tailored to this as-applied claim, it could do so in the supplemental briefing the Court has ordered for August 14.

---

[9] *See* R.2 (alleging that Valdez voted "in the Western District of Wisconsin").
[10] *Tejeda Murillo*, R.26 at 1.
[11] *See* R.24 at 8 (arguing that "there is no tension because Wisconsin's voter qualification law and § 611 operate in concert, not conflict").

Because there is good cause for the request, no conceivable prejudice to the government, and the Court granted identical relief in *Tejeda Murillo*, the defense respectfully requests that the Court grant this motion and allow the defense to supplement its motion to dismiss with an as-applied claim, based on the government accusing Mr. Valdez of having voted in the State of Wisconsin.

Dated at Madison, Wisconsin this 27th day of July, 2026.

Respectfully submitted,

Christian Erazo Valdez, Defendant

*/s/ Alex P. Vlisides*
Alex P. Vlisides

FEDERAL DEFENDER SERVICES
  OF WISCONSIN, INC.
22 East Mifflin Street, Suite 1000
Madison, Wisconsin 53703
Tel: 608-260-9900
Fax: 608-260-9901
Alex_vlisides@fd.org

4